PELTON v. MAYHEW.

1. TRIAL—CROSS-EXAMINATION—WITNESSES—EVIDENCE.
   The extent of cross-examination of a party is discretionary with the trial court.

2. SAME—CONDUCT OF COUNSEL.
   A statement of plaintiff's attorney made to the court in the

conduct of cross-examination of defendant, relating to the purpose of a question that defendant's attorney had objected to, *held* not ground for reversal.

3. SAME—NEW TRIAL—WEIGHT OF EVIDENCE.
   Evidence examined, and *held* to sustain a verdict for plaintiff and to warrant the refusal of a new trial.

Error to the superior court of Grand Rapids; Stuart, J. Submitted June 9, 1911. (Docket No. 33.) Decided July 5, 1911.

Assumpsit by William R. Pelton against Percy G. Mayhew on a promissory note. Judgment for plaintiff. Defendant brings error. Affirmed.

*Kleinhans & Knappen*, for appellant.

*Smedley, Hall & Gillard*, for appellee.

MOORE, J.   Some phases of this litigation were before this court in the case of *Gale* v. *Mayhew*, 161 Mich. 96 (125 N. W. 781, 29 L. R. A. [N. S.] 648), and a reference to the opinion in that case will make a long statement of facts unnecessary here.   After the opinion in that case was handed down, suit was brought upon the same papers mentioned therein in the name of William R. Pelton.   The case was tried before a jury.   A judgment was rendered in favor of the plaintiff.   A motion for a new trial was made and overruled.   The case is brought here by writ of error.

Some of the assignments of error are as follows:

"(1) That plaintiff's counsel asked the following question:

"'If your bank account was garnisheed, the bank would say there was no money in there under that name at all.   It was the P. G. Mayhew Company.   Is that right?   Is that the reason you changed the name?'

"(2) That plaintiff's counsel made the following statement in his argument to the jury:

"'Mayhew comes and claims that Ford was his partner. It is sometimes very convenient to have a partner when they want to garnishee you.'

"(3) That plaintiff's counsel made the following statement during his cross-examination of defendant:

"'I think, your honor, it is material. This man is in this business, making cotton felting. It is apparent how he got into this business. He got in through the efforts of Mr. Pelton, and he has now got a nice profitable business, has turned him out, and has formed a corporation and never given him any stock; and I have a right to show that he has a nice business, and show to whom he sells these goods, and that some of them are the very people that this man has solicited—that is, he had been and seen them, and found out how much they used, before he got out this prospectus.'"

The other assignments of error relate to the refusal of the trial judge to grant a new trial because the verdict was contrary to the weight of evidence.

1. In allowing this question, the court did not abuse the discretion with which it is clothed in allowing the cross-examination of a witness.

2. The statement made by counsel in the argument, in view of the testimony, was not reversible error.

3. The statement of counsel was addressed to the court, in answer to the objection of counsel of defendant. The testimony itself was excluded.

4. Did the trial court err in refusing a new trial? In overruling this motion the trial judge said in part:

"I cannot find that there is no evidence to support the verdict, or that the verdict is against the law and the evidence, or that the verdict is contrary to the weight of evidence, as set forth in the first and second reasons given in said motion."

A careful reading of the record does not convince us that the trial judge erred.

Judgment is affirmed.

OSTRANDER, C. J., and BIRD, HOOKER, and MCALVAY, JJ., concurred.